GEORGE SMITH, PLAINTIFF, v. STARKEY FARMS, INCOR-
PORATED, A CORPORATION, AND DAVID MERK,
DEFENDANTS.

Submitted January 31, 1930—Decided April 7, 1930.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *George L. Burton.*

For the defendant, *William K. Flanagan.*

PER CURIAM.

A suit was commenced under the laws providing for service
of process upon non-resident automobilists in actions growing
out of injuries received by residents of this state by reason
of automobile accidents occurring within the state. *Pamph.
L.* 1924, *p.* 517 (amended 1927, *p.* 441).

The plaintiff's residence is alleged to be at New Brunswick,
New Jersey. A motion to strike the complaint, on the ground
that the plaintiff was not a resident of this state, was made
and testimony taken before one of the justices of this court,
who denied the motion.

It appears that the plaintiff, a poor man, was injured in
an automobile accident in this state. He had been a resident
of Brooklyn, New York. He was taken to a New Brunswick

hospital and was rather fretful while there and desired to return to Brooklyn. Friends found him employment at South River, New Jersey. He went to this work when he was discharged from the hospital. He has kept his residence at New Brunswick, and has been continually working at South River.

We think that whether the word "resident" as used in the statute means those domiciled in this state or merely those residing here, that the judgment of the single justice was proper. However, the term may have been used, the mental attitude and the intention of the plaintiff is largely determinative of the question of residence or domicile. The record shows a determination to reside and work in Middlesex county, accompanied by an actual abode and a place of employment. This would be quite sufficient to show plaintiff's mental attitude and his intention with respect to the matter. The justice hearing the testimony could, with much greater preciseness, determine the shades of meaning intended from the language used than we.

The motion for the rule will be denied and the order denying the motion to set aside the service of summons will be affirmed.